UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21245-CIV-MARTINEZ-BROWN

AMERICAN AIRLINES, INC.,

    Plaintiff,

vs.

ADRIANA VIDAL, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court to determine the amount of attorney's fees and costs the Plaintiff should recover based upon Reconsideration of the Order Granting Plaintiff's Motion for Attorney's Fees and Costs entered on February 09, 2010. [D.E. 39]. This Court has considered Plaintiff's Verified Motion for Attorney's Fees and Costs [D.E. 29], the response, and all pertinent materials filed.

## BACKGROUND

On May 8, 2009, American Airlines filed its Complaint for interpleader relief. [D.E. 1].[1] It then inquired into whether any of the Defendants would waive formal service to avoid expenses of a process server. American Airlines proceeded to serve the Summons and Complaint on Gustavo

---

[1] The interpleader action arises out of Defendants' dispute over proceeds from the settlement of the civil action brought by Adriana Vidal against American Airlines in 2005.

Lage through a process server after failing to receive a timely response to its inquiry. Michael A. Pizzi, Jr. agreed to waive service on behalf of himself, his law firm, and Vidal. American Airlines prepared and filed the appropriate paperwork for the waiver.

After the Complaint was filed, American Airlines coordinated and conducted the scheduling conference and prepared the Joint Scheduling Report. [D.E. 12]. American Airlines also prepared and filed a Motion to Deposit Funds, for discharge, and for Attorney's fees and Costs, which the Court granted. [D.E. 18, 20]. American Airlines then deposited the settlement funds into the registry of the Court. [D.E. 21]. After receiving notice of the deposit, the Court entered a Final Judgment discharging American Airlines from the action and awarding attorney's fees. [D.E. 26].

On December 23, 2009, Plaintiff filed a Verified Motion for Attorney's Fees and Costs. [D.E. 39] On January 28, 2010, Defendant filed a Notice of Settlement. [D.E. 32]. On January 29, 2010, Judge Martinez approved the Settlement and granted the Motion for Attorney's Fees and Costs on the grounds that it was unopposed. [D.E. 34]. However, on February 2, 2010, Defendant filed a Motion for Reconsideration of the Motion for Attorney's Fees and Costs based on its belated response which was filed on January 28, 2010 and requested an evidentiary hearing. [D.E. 36]. On February 9, 2010, Defendant's Motion was granted. [D.E. 39].

On February 18, 2010, Plaintiff filed a Notice by American Airlines, Inc. re Plaintiff's Motion for Attorney Fees Motion for Bill of Costs (of Filing Detailed Billing Records in Support of its Motion for Attorneys' Fees and Costs). [D.E. 42]. A month later, Defendant filed a Response in Opposition to the Award of Attorneys' Fees. [D.E. 48].

## DISCUSSION - ATTORNEY'S FEES

Any fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated. See, e.g., Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292 (11th Cir. 1988). It is the prevailing party's burden to justify the requested fees by submitting satisfactory evidence to establish that both the requested rate and hours are reasonable. Duckworth v. Whisenant, 97 F.3d 1393, 1306 (11th Cir. 1996); see also, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). If a party seeks to oppose the request for fees, the petitioner must submit evidence challenging the accuracy and reasonableness of facts submitted by respondent's counsel. Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984).

Furthermore, an evidentiary hearing on the fee issue is required if one is "requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact. . . ." Norman, 836 F.2d at 1303. However, the Eleventh Circuit has repeatedly held that the court itself can be an expert on the question of fees and may properly consider its own knowledge and experience in determining reasonable and proper fees. Loranger, 10 F.3d at 781. Moreover, the District Court has the authority to determine the precise amount of a particular fee award. See Cullens v. Georgia Dept. Of Transp., 29 F.3d 1489, 1491 (11th Cir. 1994).

The standards to be applied in determining reasonable attorney's fees are set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).[2] The Court noted that the "starting point for determining the

---

[2] Although Hensley involved attorney's fees under 42 U.S.C. § 1988, the U.S. Supreme Court stated that "[t]he standards set forth in [Hensley] are generally applicable in *all cases* in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7 (emphasis added).

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. This is referred to as the "lodestar" method,[3] which has been adopted by the Eleventh Circuit as the proper method to calculate fee awards in federal statutory fee-shifting cases. See, e.g., Duckworth, 97 F.3d at 1396; Loranger, 10 F.3d at 781.

### Reasonable Hourly Rate for Attorneys

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). The applicant bears the burden of producing satisfactory evidence that the rate requested is in line with prevailing market rates. Id. Satisfactory evidence is more than the affidavit of the attorney performing the work and must speak to the rates actually billed and paid in similar lawsuits. Id.

Plaintiff has been represented by Gregory M. Palmer, Shannon Campbell Fitzpatrick, and Dara A. Lorion of Rumberger, Firk & Caldwell. They request an hourly rate of $210.00 for attorney Palmer, and an hourly rate of $155.00 for attorneys Fitzpatrick and Lorion. Gregory M. Palmer is a partner and is a member in good standing of the Florida Bar as well as a member of the federal bar for the District Court for the Southern, Middle and Northern Districts of Florida. He has been practicing law in Florida for more than twenty-one years. Mrs. Fitzpatrick has been admitted to practice law in the state of Florida since 2001 while Ms. Lorion has been admitted since October

---

[3] The U.S. Supreme Court has declared that the lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Norman, 836 F.2d at 1298-99.

4

2008.

Plaintiff has presented the affidavit of James Soper, a practicing attorney in Miami, Florida who has been licensed to practice law in the State of Florida since 1988. He states that he is familiar with the attorney's fees and costs customarily charged and awarded in the Southern District of Florida. Further, Mr. Soper attests that he is familiar with the work performed in the present case and has concluded that the rates charged by the aforementioned attorneys were agreed-upon rates customarily charged by Rumberger, Kirk & Caldwell for legal services provided to American Airlines.

While the Defendant suggests, in her untimely Response in Opposition to the Award of Attorney's Fees, that the prevailing market rate is One Hundred Dollars per hour (D.E. 48), the court may act as an expert on the question of fees. Loranger, 10 F.3d at 781. Furthermore, the Defendant failed to object to the Plaintiffs' proposed hourly rate in the original response submitted to the Court. However, upon review of the Plaintiff's Verified Motion for Attorney's Fees and Costs, the Court has noticed a discrepancy between the hourly rate requested by the Plaintiffs and the hourly rate actually billed. Upon review of the Plaintiff's Notice of Filing Detailed Billing Records in Support of Its Motion For Attorney's Fees and Costs, the Court discovered the actual billing rate for Mr. Palmer was $195.00 and in regard to both Mrs. Fitzpatrick and Ms. Lorion, the actual billing rate was $145.00. This Court has discretion when deciding to award a higher rate instead of the actual billing rate. See Tire Kingdom v. Morgan Tire & Auto, Inc., 253 F.3d 1332 (11th Cir. 2001). Plaintiff's have offered no evidence to suggest entitlement to a rate above their actual billing rate. Accordingly, the Court finds the rate of $195.00 for Mr. Palmer and $145.00 for both Mrs. Fitzpatrick and Ms. Lorion to be fair and reasonable, and further reflects the rate for an attorney with

similar experience.

### Reasonable Number of Hours Expended on Litigation

When determining the reasonable number of hours expended on litigation, the Eleventh Circuit requires proof. See Duckworth, 97 F.3d at 1397. Additionally, excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. Norman, 836 F.2d at 1301 (citing Hensley, 461 U.S. at 434); see also Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997). Further, "[i]n the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." Norman, 836 F.2d at 1301. "The court on reconsideration should bear in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1305-06.

Here, Plaintiff requests reimbursement for a total of 143.30 hours expended by their attorneys. Defendant argues counsel should receive reimbursement for a total of three hours billing time and states the hours requested by Plaintiffs are outrageous and excessive. This Court finds this contention to be absurd.

The Plaintiff submitted time sheets describing in detail hours expended by Gregory M. Palmer, Shannon Campbell Fitzpatrick, and Dara A. Lorion. The subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the times claimed for each activity. Norman, 836 F.2d at 1303 (citations omitted). American Airlines' lawyer time sheets evidence the attorneys' good faith effort to exercise "billing judgment."[4]

---

[4] "Billing judgment" is described in Hensley, as excluding from a fee request hours that are excessive, redundant, or otherwise unnecessary. Hours not properly billed to one's client should not be billed to one's adversary. 461 U.S. at 1940 (citation omitted).

After reviewing the time entries as noted, supra, the Court noticed Plaintiff's inclusion of hours charged by an unknown individual with the initials AGH. Since Plaintiffs have failed to identify this person or ask for reimbursement in regard to their work, the Court is unwilling to allow reimbursement. Accordingly, the Court recommends that Plaintiffs are entitled to a reimbursement for 127.8 hours expended by Gregory M. Palmer, Shannon C. Fitzpatrick, and Dara A. Lorion.

Furthermore, Defendant contends that Plaintiff conducted research when there was never anything for them to research, however, research was necessary to determine whether and how to file an interpleader action. Additionally, Plaintiff's entries for legal research are described with specificity in the Billing Records and the Court is satisfied with the time allocations. Therefore, Plaintiff's involvement went beyond merely filing a pleading with notice that Vidal and Lage had a dispute.

### The Lodestar Amount

Multiplying the reasonable hours counsel expended by the reasonable hourly rates results in a loadstar amount of $22,256.00, calculated as follows:

|  | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Palmer | 46.6 | $195.00 | $9,087.00 |
| Fitzpatrick/Lorion | 81.2 | $145.00 | $11,774.00 |
|  |  | Total: | $20,861.00 |

### DISCUSSION - COSTS

This Court has determined that the Plaintiff is entitled to costs, however the amount of costs must still be determined. American Airlines attorneys are seeking reimbursement for $400.00 costs,

deriving from $350.00 filing fee and $50.00 service of process fee on Lage. Additionally, Plaintiffs seek reimbursement for the expert witness fees charged by Mr. Soper in the amount of $1,218.75.

This Court recognizes that the determination of what costs may be taxed arises under 28 U.S.C. § 1920. Section 1920 states in part as follows:

A judge or clerk of any United States court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Plaintiff bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 29 U.S.C. § 1920. See Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000); see also Berryman v. Hofbauer, 161 F.R.D. 341, 344 (D. Mich. 1995). Furthermore, the Eleventh Circuit has held that the Court may act as its own expert in these matters and determine what costs are reasonable utilizing its own experience. See Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516, 1517 (11th Cir. 1984).

Plaintiff submitted detailed billing records of costs incurred in bringing this interpleader action. The records indicate the date, the type of expense, a description of the expense, and the total amount of expense incurred. Plaintiff seeks reimbursement for a filing fee, service of process, and expert witness fees.

Expenses have been awarded for service of process and filing fees. See Mallory v. Hrkness, 923 F. Supp. 1546, 1557-58 (S.D. Fla. 1996). "Amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in federal courts." Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983). A district court may only award costs allowable under 28 U.S.C. § 1920. Crawford Fitting Co. V. J.T. Gibbons, Inc., 482 U.S. 437, 442-45 (1987). Since the expert witness in this case was not court appointed, this Court recommends that the $1,218.75 requested for reimbursement of Mr. Soper's services be denied.

This Court, having reviewed the other costs requested for reimbursement, recommends that the remaining $400.00 of the costs requested are reasonable and related to this litigation.

### Total Costs

This Court finds the total costs to be awarded, in the amount of $400.00, are calculated as follows:

| | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process | $50.00 |
| Total | $400.00 |

### RECOMMENDATION

Accordingly, this Court respectfully recommends that Plaintiff's Motion for Attorney's Fees and Costs be hereby **GRANTED** in part and **DENIED** in part. The Plaintiffs should be awarded a total sum of $21,261.00 calculated as follows:

| | |
|---|---|
| Attorney Fees | $20,861.00 |
| Costs | $400.00 |

The parties have fourteen (14) days from the date of this Report and Recommendation within

9

which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 7th day of April, 2010, at Miami, Florida.

STEPHEN T. BROWN
United States Magistrate Judge

cc:  Honorable Jose E. Martinez
     Counsel of record.